| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** <u>CV 13-00697 SJO (AJWx)</u>   **DATE:** <u>March 12, 2013</u>

**TITLE:**  <u>HSBC Bank USA National Association v. Rodney A Crowell et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 3]

This matter is before the Court on Plaintiff HSBC Bank USA National Association's ("Plaintiff") Motion to Remand ("Motion"), filed February 7, 2013. Defendants Rodney A. Crowell and Elisabeth A. Crowell (collectively, "Defendants") have not opposed the Motion. (Notice of Non-Opp'n, ECF No. 9.) The Court found this matter suitable for disposition without oral argument and vacated the hearing set for March 18, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Los Angeles County Superior Court.

I.     BACKGROUND

Plaintiff alleges the following facts. Plaintiff acquired title to residential real property located at 1941 Radford Avenue, Claremont, California 91711 (the "Property") at a trustee's sale on September 21, 2012. (Mot. 3, ECF No. 3.) Title was perfected on September 24, 2012. (Mot. 3.) On October 17, 2012, Plaintiff served a Three-Day Notice to Quit ("Notice") on Defendants, which stated that Plaintiff had purchased the Property and demanded that Defendants quit and "deliver up possession" before October 23, 2012. (Mot. 3-4.) Defendants have refused to quit the property despite the expiration of the Notice period. (Mot. 4.)

Plaintiff filed a Complaint for unlawful detainer in the Los Angeles Superior Court on November 1, 2012. (Mot. 4.) Defendants filed a Demurrer on December 12, 2012, that the state court overruled. The state court ordered Defendants to file an Answer, which they did on January 22, 2013. (Mot. 4.) On January 31, 2013, Defendants removed the action to this Court. (Mot. 4.) Plaintiff filed the instant Motion on February 7, 2013. Defendants have not opposed the Motion. (*See* Notice of Non-Opp'n.)

///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  CV 13-00697 SJO (AJWx)        DATE:  March 12, 2013

II.     DISCUSSION

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

    A.    Timeliness

Plaintiff alleges that Defendants' removal was untimely.  (Mot. 6.)  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(a).  The Complaint was filed on November 1, 2012, and Defendants removed the action on January 31, 2013.  (Mot. 6.)  Even assuming that Defendants did not receive the Complaint on the day it was filed, Defendants entered the action on December 12, 2012, which was more than thirty days before the date of removal.  The removal is therefore untimely.

    B.    Federal Jurisdiction

Even if the removal had been timely, Defendants have not met their burden of establishing federal jurisdiction in this action.  There are two methods by which federal jurisdiction can arise: (1) federal question; and (2) diversity.  28 U.S.C. §§ 1331, 1332.  Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a plaintiff's "well-pleaded complaint established either that federal law creates the cause of action" or if the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 13, 27-28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).  Here, Plaintiff's Complaint consists exclusively of one state law claim of unlawful detainer, and nothing in the unlawful detainer claim requires resolution of a question of federal law.  Defendant has therefore failed to establish federal question jurisdiction.

An action may also be removed to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441.  Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000.  *Id.* § 1332(a). Defendants' Notice of Removal fails to state the citizenship of any party.  Further, Plaintiff stipulated in the Complaint that it would not seek damages above $10,000.  Defendant has therefore failed to establish diversity jurisdiction.

///

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**CASE NO.:** CV 13-00697 SJO (AJWx)      **DATE:** March 12, 2013

III.   **RULING**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this action to the Superior Court of California for the County of Los Angeles. This action shall close.

IT IS SO ORDERED.